UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY SCHWARTZ, on behalf of herself and all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | Complaint—Class Action |
| -against- | Jury Trial Demanded |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

Plaintiff Amy Schwartz, by her attorneys, Meiselman, Packman, Nealon, Scialabba & Baker P.C., as and for her Class Action Complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

### Nature Of This Case

1.  This action seeks to redress Defendant JPMorgan Chase Bank, N.A.'s ("Chase") systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied.

2.  N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 require that mortgagees like Defendant present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principle and interest due on a mortgage. The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1500.

3. These statutes are crucial mechanisms by which New York State ensures that the acquisition and transfer of real property occurs with efficiency and reliability.

## Jurisdiction

4. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d)(2)(A), as minimal diversity exists, there are more than 100 Class members, and the amount in controversy is in excess of $5 million.

5. This Court has personal jurisdiction over Defendant JPMorgan Chase Bank, N.A. because Defendant operates numerous bank branches throughout this District.

## Parties

6. Plaintiff Amy Schwartz resides in Shavertown, Pennsylvania.

7. Defendant Chase is a full-service interstate bank that operates throughout the United States, including in New York State and in Pennsylvania. Chase is headquartered in Columbus, Ohio. Chase is a subsidiary of JPMorgan Chase & Co., which is one of the largest banking institutions in the United States and incorporated in Delaware, with a principal place of business at 270 Park Avenue, New York, New York 10017.

## Operative Facts

8. One of the unfortunate consequences of the consolidation of the banking industry is that banks frequently fail to comply with their obligations to timely file mortgage satisfactions. Indeed, mortgage satisfactions are often filed months, if not years, after they are due, and sometimes not at all.

9. This is no mere procedural peccadillo. Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by mortgagees who fail to timely present mortgage satisfactions. However, there is a real

possibility that a large loss by a title company as a result of the widespread failure of banks to timely present mortgage satisfactions may disrupt the entire system for transferring residential property in New York State. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

10. To address lenders' failure to present mortgage satisfactions in a timely manner, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 in 2005 to impose progressively higher penalties upon mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days. Such penalties amount to $500 after 30 days, $1,000 after 60 days, and $1,500 after 90 days under each statute.

11. Plaintiff obtained a mortgage from Wachovia Mortgage Corporation for her property located at 235 Cleveland Drive, Croton on Hudson, NY 10520. That mortgage was subsequently assigned to Chase. See Exhibit A.

12. On January 5, 2012, Plaintiff sold the Croton property to Stacey Farber and Andrew Farber, and she used the proceeds from that sale to satisfy all principle, interest and other amounts due to Defendant. The Bargain and Sale Deed evidencing this sale and the transfer of the deed was recorded on January 12, 2012 in the Office of the Westchester County Clerk. See Exhibit B.

13. Defendant was a mortgagee for the mortgage of record on Ms. Schwartz's real property in Croton on Hudson, N.Y. at the time she paid the authorized principal, interest and any other amounts due under the mortgage.

14. The satisfaction of mortgage was recorded on April 3, 2012, more than eighty-eight (88) days after Plaintiff paid to Defendant all principle, interest and other amounts due under the mortgage. See Exhibits A, B.

15. Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was recorded on April 3, 2012, more than eighty-eight (88) days after the discharge date.

16. Defendant also failed to arrange to have a certificate of discharge presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced as evidenced by the fact that the Satisfaction of Mortgage was recorded on April 3, 2012, more than eighty-eight (88) days after the discharge date, and by the fact that Defendant's Vice President Vicki Strickland did not even sign the Satisfaction of Mortgage until sixty-one (61) days after the discharge date.

17. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

18. Plaintiff is not alone. In fact, based on a review of county records, Defendant appears to have failed to timely file mortgage satisfactions in thousands, if not tens of thousands, of instances.

### Class Action Allegations

19. Plaintiff brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class of:

> All persons who were the mortgagor party to a mortgage for which Defendant was a mortgagee that was secured by real property located in New York State and for which the principle, interest and all other amounts due or otherwise owed was completely paid after February 14, 2008 but Defendant failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded. Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

20. This action is brought as a class action pursuant to Rule 23(a) and Rule 23(b)(3) for the following reasons:

   a. The Class consists of thousands, if not tens of thousands, of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

   i. whether Defendant failed to timely present certificates of discharge or satisfactions of mortgage;

   ii. whether Defendant violated N.Y. Real Prop. Acts. Law § 1921; and

   iii. whether Defendant violated N.Y. Real Prop. Law § 275;

   c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

   d. Plaintiff will fairly and adequately protect the interests of the Class, there is no conflict of interest between Plaintiff and the Class, and Plaintiff has retained attorneys experienced in class and complex litigation;

   e. Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

   f. Defendant has acted on grounds that apply generally to the Class, namely failing to ensure that satisfactions of mortgages are timely presented; and

g.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.  Absent a class action, Class members as a practical matter will be unable to obtain redress and Defendant's violations of its legal obligations will continue without remedy;

ii.  It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.  When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.  A class action will permit an orderly and expeditious administration of Class claims and foster economies of time, effort, and expense;

v.  The lawsuit presents no difficulties that would impede its management by the Court as a class action, particularly as Defendant can identify all Class members using its computerized records; and

vi.  Defendant has acted on grounds generally applicable to Class members, making class-wide monetary relief appropriate.

**FIRST CAUSE OF ACTION**
**(Violation of N.Y. Real Prop. Acts. Law § 1921)**

21.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22.  N.Y. Real Prop. Acts. Law § 1921 provides that:

After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a

6

satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

23. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Acts. Law § 1921.

24. Here, Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until eighty-eight (88) days after the discharge date.

25. Independently, Defendant also failed to arrange to have a certificate of discharge presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until eighty-eight (88) days after the discharge date and by the fact that Defendant's Vice President Vicki Strickland did not even sign the Satisfaction of Mortgage until sixty-one (61) days after the discharge date.

26. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

27. By reason of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law § 1921. Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

## SECOND CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Law § 275)

28. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-27 above as if fully set forth herein.

29. N.Y. Real Prop. Law § 275 provides that:

Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

30. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

31. Here, Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until eighty-eight (88) days after the discharge date.

32. Independently, Defendant also failed to arrange to have a certificate of discharge presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until eighty-eight (88) days after the discharge date and by the fact that Defendant's Vice President Vicki

Strickland did not even sign the Satisfaction of Mortgage until sixty-one (61) days after the discharge date.

33. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

34. By reason of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275. Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, with a Class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

3. On Plaintiff's Second Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions; and

4. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:  February 14, 2014
        White Plains, New York

                                Respectfully submitted,

                        By:     /s/ David J. Cohen
                                David J. Cohen
                                KOLMAN ELY, P.C.
                                414 Hulmeville Avenue
                                Penndel, PA  19047
                                dcohen@kolmanlaw.net
                                (215) 750-3134

                                D. Greg Blankinship (*pro hac vice* forthcoming)
                                Shin Y. Hahn (*pro hac vice* forthcoming)
                                MEISELMAN, PACKMAN, NEALON,
                                SCIALABBA & BAKER P.C.
                                1311 Mamaroneck Avenue
                                White Plains, N.Y.  10605
                                gblankinship@mpnsb.com
                                shahn@mpnsb.com
                                (914) 517-5000

                                *Attorneys for Plaintiff and the Putative Class*